## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WAZEE STREET OPPORTUNITIES FUND IV LP, et al., <br><br>    Plaintiffs, <br><br>  v. <br><br>THE UNITED STATES, <br><br>    Defendant. | No. 18-1124C <br>(Chief Judge Sweeney) |

### JOINT STATUS REPORT

Pursuant to the Court's order dated January 27, 2020 (ECF No. 11), the parties jointly report as follows:

1. Pending before this Court are a number of actions concerning amendments to Senior Preferred Stock Purchase Agreements between the United States Department of the Treasury, on the one hand, and the Federal National Mortgage Association (known as Fannie Mae) and the Federal Home Loan Mortgage Corporation (known as Freddie Mac), each by the Federal Housing Finance Agency as Conservator, on the other. These actions include *Fairholme Funds, Inc. v. United States*, No. 13-465C ("*Fairholme Funds*"), and eleven actions scheduled in tandem with it for purposes of the Government's omnibus motion to dismiss (the "Related Actions").[1]

2. In the above-captioned case, filed on August 1, 2018, Plaintiffs pled claims against the United States arising out of the facts at issue in *Fairholme Funds* and the Related Actions.

---

[1] *Washington Federal v. United States*, No. 13-385C; *CRS Master v. United States,* No. 18-1155C; *Fisher v. United States*, No. 13-608C; *Arrowood Indem. Co. v. United States*, No. 13-698C; *Reid v. United States*, No. 14-152C; *Rafter v. United States*, No. 14-740C; *Owl Creek Asia I, L.P. v. United States*, No. 18-281C; *Akanthos Opportunity Master Fund, L.P. v. United States*, No. 18-369C; *Appaloosa Inv. Ltd. P'ship I v. United States*, No. 18-370C; *CSS, LLC v. United States*, No. 18-371C; and *Mason Capital L.P. v. United States*, No. 18-529C.

3. On August 29, 2018, 2018, due to the similarities between the above-captioned case, on the one hand, and *Fairholme Funds* and the Related Actions, on the other, the parties to the above-captioned case filed a Joint Motion for Stay of Proceedings. ECF No. 7.

4. On August 30, 2018, the Court granted the parties' joint motion, staying proceedings in the above-captioned action. ECF No. 8. The Court further directed the parties to "file a joint status report suggesting further proceedings by no later than fourteen days after the court issues a decision on defendant's motion to dismiss in *Fairholme Funds*." *Id.*

5. In an Opinion and Order dated December 6, 2019 (the "December 6 Opinion"), the Court granted in part and denied in part the Government's motion to dismiss *Fairholme Funds*.

6. On December 20, 2019, the parties jointly moved for additional time, to and including February 10, 2020, to confer regarding further proceedings. The Court granted the parties' motion on December 26, 2019.

7. On January 27, 2020, the Court ordered the parties to file a joint status report by 21 days after the joint status report was filed in *Fairholme Funds*. That report was filed on February 7, 2020.

**Defendant's Position**

8. To promote judicial efficiency, the United States proposes that the Court continue its stay of the above-captioned case until the entries of final judgments in *Fairholme Funds* and the Related Actions and exhaustion of all appeals in those actions. Plaintiffs' position – that the stay be lifted so that their derivative claims can proceed while the *Fairholme Funds* parties are requesting an interlocutory appeal that would, if accepted, require the Federal Circuit to decide whether shareholders have standing to bring derivative claims in the first place – would not promote judicial economy and would instead lead to the potentially unnecessary expenditure of

resources to this case before a final determination has even been made on the Court's jurisdiction. Continuation of the stay, thus, better comports with the Court's expressed view that an interlocutory review is the "logical next step[]" in the Third Amendment litigation.

**Plaintiffs' Position**

9.     The Wazee Plaintiffs in the above-captioned case believe that there is no longer a need to continue the stay of this action. The motion to dismiss in the *Fairholme Funds* case has been ruled on by this Court and will likely proceed to the Federal Circuit for appeal. The stay in this case should be lifted so the Government can respond to the Complaint (ECF No. 1). The Wazee Plaintiffs have asserted derivative claims which can plainly proceed under the Court's decision in *Fairholme Funds*, and, accordingly, the Government should now be forced to respond to all of the Wazee Plaintiffs' claims.

Dated:  February 28, 2020

/s/Hamish P.M. Hume
Hamish P.M. Hume
*Attorney of Record*
**BOIES SCHILLER FLEXNER LLP**
*1401 New York Ave. NW*
*Washington, DC 20005*
*Tel: (202) 237-2727*
*Fax: (202) 237-6131*
hhume@bsfllp.com

OF COUNSEL:

Stacey K. Grigsby
Jonathan M. Shaw
Alexander I. Platt
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave. NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
sgrigsby@bsfllp.com
jshaw@bsfllp.com
aplatt@bsfllp.com

Eric L. Zagar
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 King of Prussia Rd.
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
ezagar@ktmc.com

*Interim Co-lead Class Counsel*

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

/s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Deputy Director
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-0385
Facsimile:  (202) 307-0973
Email: Kenneth.Dintzer@usdoj.gov

*Attorneys for Defendant*