## UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| Wazee Street Opportunities Fund IV LP, Douglas Whitley, and Lisa Brown, On Behalf of Themselves and All Others Similarly Situated, | Case No.  18-1124 |
| Plaintiffs, | |
| v. | |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | |

## <u>PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT</u>

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

BACKGROUND ............................................................................................................. 1

ARGUMENT .................................................................................................................. 4

     I.      COUNTS I-III AND COUNT VIII SHOULD NOT BE DISMISSED BASED ON ANY FINDING OF ISSUE OR CLAIM PRECLUSION. ..................................... 4

          A.     Counts I, II, And III Are Direct Claims And Not Subject To Claim Or Issue Preclusion. ....................................................................................... 4

          B.     Count VIII Is Not Subject To Issue Preclusion. ........................................ 5

CONCLUSION................................................................................................................ 6

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Barrett v. United States*,
    143 S. Ct. 562 (2023) .................................................................................................. 2

*Cacciapalle v. United States*,
    143 S. Ct. 563 (2023) ............................................................................................... 2, 4

*Fairholme Funds, Inc. v. United States*,
    26 F.4th 1274 (Fed. Cir. 2022), ............................................................................... 2

*Lea v. United States*,
    126 Fed. Cl. 203 (2016) ............................................................................................ 5

*Owl Creek Asia I, L.P. v. United States*,
    143 S. Ct. 563 (2023) ............................................................................................... 2, 4

**INTRODUCTION**

As we did when we filed our amended complaints, Plaintiffs acknowledge that their claims must be dismissed, but (with the exception of the two derivative claims in Counts IX and XI) dispute that the dismissal should be based on claim or issue preclusion.  Instead, subject to those two exceptions, the claims should be dismissed based solely on binding precedent from other cases.  This distinction is important because Plaintiffs intend to seek review of those binding precedents by the *en banc* Federal Circuit and/or the Supreme Court, which likely is not possible if their claims are dismissed based on claim or issue preclusion (but which is possible if the dismissal is based on binding precedent).

Defendants agree in their motion that five of Plaintiffs' claims (Counts IV-VII and X) should be dismissed based solely on binding precedent, not based on claim or issue preclusion.  Thus, of Plaintiffs' eleven claims, the parties agree as to the disposition of seven of them:

- Counts IV-VII and Count X should be dismissed based solely on binding precedent (not any the basis of any issue or claim preclusion), leaving Plaintiffs free to seek *en banc* Federal Circuit or Supreme Court review; and

- Counts IX and XI, the derivative claims, must be dismissed based on preclusion principles.  Accordingly, Plaintiffs will voluntarily dismiss those claims.

Plaintiffs submit this short response to address the relatively narrow dispute of whether Counts I-III and Count VIII should be dismissed based on claim or issue preclusion (Defendants' view) or instead based solely on the existence of binding precedent barring those claims (Plaintiffs' view).  The latter is correct and should be the sole basis of the Court's dismissal of those claims.

**BACKGROUND**

Plaintiffs initiated this action on August 1, 2018, bringing claims on behalf of a putative class of common shareholders in Fannie Mae and Freddie Mac.  ECF No. 1.  A previous class action had been filed in July 2013, with different class representatives, on behalf of a putative class

1

of preferred shareholders in Fannie Mae and Freddie Mac.  *See Cacciapalle et al. v. United States*, Case No. 13-466C, ECF No. 1 ¶ 19.[1]

On August 30, 2018, this case was stayed pending resolution of the similar claims in *Fairholme Funds, Inc. v. United States*, No. 13-465C, *Owl Creek Asia I, L.P. et al. v. United States*, No. 18-281C, *Cacciapalle et al. v. United States*, Nos. 13-466C, 13-496C, 13-542C, and other cases coordinated for briefing.  *See* ECF Nos. 7, 8.  The Federal Circuit issued its decision in those cases on February 22, 2022, holding that shareholders' direct takings and illegal exaction claims were "substantively derivative," and that the derivative claim failed to state a claim.  *Fairholme Funds, Inc. v. United States*, 26 F.4th 1274, 1291 (Fed. Cir. 2022), *cert. denied*, 143 S. Ct. 563 (2023), and *cert. denied sub nom. Barrett v. United States*, 143 S. Ct. 562 (2023), and *cert. denied sub nom. Owl Creek Asia I, L.P. v. United States*, 143 S. Ct. 563 (2023), and *cert. denied sub nom. Cacciapalle v. United States*, 143 S. Ct. 563 (2023).

The stay in this case was lifted on February 28, 2023, after Plaintiffs filed their First Amended Complaint ("FAC") on February 27, 2023, asserting additional claims for unjust enrichment against Defendant.  ECF No. 23.  On March 24, 2023, Plaintiffs moved for leave to file their Second Amended Complaint ("SAC") in order to add class action claims on behalf of preferred shareholders in Fannie Mae and Freddie Mac, with the Wazee Street class representative funds acting as class representative for such claims.  ECF No. 28.

In their unopposed motion for leave, Plaintiffs made clear that "the decision of the Federal Circuit in *Fairholme Funds, Inc. v. United States*, 26 F.4th 1274 (Fed. Cir. 2022), *cert. denied*, No.

---

[1] *Cacciapalle* was consolidated with *American European Insurance Company et al. v. United States*, Case No. 13-496C, and *Dennis v. United States*, Case No. 13-542C, both of which also brought claims on behalf of putative classes of preferred shareholders.  *See* Case No. 13-496C, ECF No. 1 ¶ 18; Case No. 13-542C, ECF No. 1 ¶ 75.

22-100, 2023 WL 124023 (U.S. Jan. 9, 2023), constitutes binding precedent that requires this Court to dismiss claims advanced in the original Complaint" and that "binding Federal Circuit precedent holds that the Court lacks jurisdiction to entertain an unjust enrichment claim, which was added to the complaint in the FAC." *Id.* at 3. Plaintiffs made clear that the purpose for filing an amended complaint was to preserve their ability to ask the *en banc* Federal Circuit and/or the Supreme Court to reverse those binding precedents that bar Plaintiffs' claims. Plaintiffs filed their Second Amended Complaint on April 3, 2023. ECF No. 30.

The Second Amended Complaint advances direct claims on behalf of the putative shareholder classes for takings (Counts I and II), illegal exaction (Count III), breach and anticipatory repudiation of contract (Counts IV and VI), breach of the implied covenant of good faith and fair dealing (Counts V and VII), breach of fiduciary duty (Count VIII), and unjust enrichment (Count X). *Id.* In addition, the SAC advances derivative claims on behalf of Fannie Mae for takings and illegal exaction (Count IX) and unjust enrichment (Count XI). *Id.* Defendant moved to dismiss the SAC on September 8, 2023 (ECF No. 35 ("Mot.")), arguing that (a) Counts IV-VII should be dismissed based solely on binding precedent (with no claim or issue preclusion argument being advanced), which Plaintiffs accept, subject to Plaintiffs' right to seek *en banc* or Supreme Court review; (b) Counts IX and XI (the derivative claims) should be dismissed based on issue or claim preclusion, which Plaintiffs accept, and in response to which Plaintiffs will agree to dismiss those claims; and (c) Counts I–III and VIII should be dismissed based on issue or claim preclusion, which Plaintiffs dispute, as addressed below.

**ARGUMENT**

I.    **COUNTS I-III AND COUNT VIII SHOULD NOT BE DISMISSED BASED ON ANY FINDING OF ISSUE OR CLAIM PRECLUSION.**

 A.    **Counts I, II, And III Are Direct Claims And Not Subject To Claim Or Issue Preclusion.**

Defendant argues that the Federal Circuit's *Fairholme* decision means that Plaintiffs' constitutional claims (Counts I-III) are barred by claim or issue preclusion. But Defendant does not dispute that for claim or issue preclusion to apply, there must be an "identity of parties or their privies." Mot. at 14. Plaintiffs were not parties in *Fairholme*, *Owl Creek*, *Cacciapalle*, or any of the cases coordinated with *Fairholme* for briefing, and thus those decisions cannot form the basis for a claim or issue preclusion holding for Plaintiffs' non-derivative claims. Instead, those decisions are merely binding precedent—which Plaintiffs are free to challenge on appeal through *en banc* petitions to the Federal Circuit or through petitions for *certiorari* to the Supreme Court.

Defendant invokes the case law holding that when a shareholder brings a ***derivative*** claim, that shareholder is barred by issue or claim preclusion by a prior decision that rejected the same or similar derivative claims over the same transaction or occurrence. Defendant then argues that because "the constitutional claims that plaintiffs purport to bring directly have been held by the Federal Circuit to be substantively derivative," the prior *Fairholme* decision constitutes *res judicata* or *collateral estoppel* against Plaintiffs' direct claims. Mot. at 17.

This argument conflates two distinct steps in the analysis. The first step is deciding whether the claims are direct or derivative. On that step, it is binding precedent alone, not any claim or issue preclusion, that calls for a holding that Counts I – III are derivative. Plaintiffs remain free to challenge that holding on appeal through *en banc* petitions to the Federal Circuit or through petitions for *certiorari* to the Supreme Court. There is no basis for holding otherwise, and to do so would be circular bootstrapping.

4

Once the claims are held to be derivative, however, we recognize that this Court would then apply the same claim or issue preclusion rules that apply to the claims Plaintiffs agree are derivative. But that second step in the analysis is not the relevant step here. Plaintiffs plead Counts I – III as direct claims, and Plaintiffs are entitled to seek *en banc* or Supreme Court review of the precedent holding that they are derivative claims rather than direct claims. That binding precedent was delivered in cases in which Plaintiffs were not parties or privy to parties. Thus, Plaintiffs remain free to seek *en banc* or Supreme Court review of those precedents. Defendant cites no case holding otherwise, and to do so would be illogical.

To avoid confusion on appeal, Plaintiffs respectfully ask this Court to make its analysis clear as to the reasons for dismissing Counts I – III, which includes making clear that the threshold question of whether Counts I – III are direct or derivative is one disposed of solely by binding precedent, not by the application of any claim or issue preclusion rules.

### B.     Count VIII Is Not Subject To Issue Preclusion.

Defendant makes a different preclusion argument with respect to Plaintiffs' claim for breach of fiduciary duty (Count VIII). Defendant invokes the decision in *Lea v. United States*, 126 Fed. Cl. 203 (2016), which held that "principles of issue preclusion may apply to questions of jurisdiction." *Id.* at 213 (citations omitted). But that holding addressed multiple cases brought by ***the same plaintiff***. *Id.* at 206. It says nothing to change the fact that issue preclusion can apply only if there is an "identity of parties or their privies," which Defendant acknowledges as a prerequisite for issue and claim preclusion. Mot. at 14. Here, as shown above, there was no "identity of parties or their privies" between any of the prior actions and this one. Thus, issue preclusion cannot apply.

**CONCLUSION**

For these reasons, the Court should deny Defendant's motion to dismiss Counts I–III and Count VIII based on claim or issue preclusion, should make clear that any dismissal of those claims is based on binding precedent that Plaintiffs are permitted to challenge through review by the *en banc* Federal Circuit or by the Supreme Court, and that the same is true (as Defendants concede) for Counts IV–VII and Count X.  Plaintiffs will voluntarily dismiss Counts IX and XI.

Dated: October 6, 2023                           Respectfully Submitted,

                                                */s/ Hamish P.M. Hume*
                                                Hamish P.M. Hume
                                                *Attorney of Record*
                                                BOIES SCHILLER FLEXNER LLP
                                                *1401 New York Ave. NW*
                                                *Washington, DC 20005*
                                                *Tel: (202) 237-2727*
                                                *Fax: (202) 237-6131*
                                                *hhume@bsfllp.com*

OF COUNSEL:                                      Samuel C. Kaplan
                                                BOIES SCHILLER FLEXNER LLP
                                                *1401 New York Ave. NW*
                                                *Washington, DC 20005*
                                                *Tel: (202) 237-2727*
                                                *Fax: (202) 237-6131*
                                                *skaplan@bsfllp.com*

                                                *Eric L. Zager*
                                                *KESSLER TOPAZ MELTZER & CHECK LLP*
                                                *280 King of Prussia Rd. Radnor, PA 19087*
                                                *Tel: (610) 667-7706*
                                                *Fax: (610) 667-7056*
                                                *ezagar@ktmc.com*

                                                *Interim Co-Lead Class Counsel*