IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WAZEE STREET OPPORTUNITIES FUND IV LP, et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 18-1124C ) (Senior Judge Margaret M. Sweeney) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) |

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS SECOND AMENDED COMPLAINT

Defendant, the United States, respectfully provides this reply in support of its motion to dismiss the second amended complaint filed by plaintiffs, Wazee Street Opportunities Fund IV LP, Wazee Street Opportunities Fund V LP, Douglas Whitley, Lisa Brown, and the purported classes they seek to represent, for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. As plaintiffs' response demonstrates, the second amended complaint should be dismissed.

ARGUMENT

The parties agree that all of plaintiffs' claims must be dismissed. Pl. Resp. (ECF No. 36) at 1. The sole remaining area of contention concerns whether dismissal of Counts I, II, III, and VIII requires a preliminary finding by the Court that the claims are derivative and not direct. Plaintiffs contend that the Court must initially determine whether their claims are direct or derivative, although they concede that binding precedent requires a finding that the claims are derivative, because plaintiffs intend to challenge that binding precedent in *en banc* petitions to the Federal Circuit or through petitions for *certiorari* to the Supreme Court. *Id.* at 4. They

explain that they likely cannot challenge that precedent if their claims are dismissed based on claim or issue preclusion. *Id.* at 1.

Plaintiffs' argument that the Court must make such a finding based on binding precedent rather than based on preclusion ignores important aspects of the Federal Circuit's holding in *Fairholme Funds, Inc. v. United States*, 26 F.4th 1274 (2022). The Federal Circuit has held that takings and illegal exaction claims predicated upon the Government's alleged appropriation of the Enterprises' net worth, as well as on the clause in the Housing and Economic Recovery Act (HERA) barring shareholder derivative suits – claims substantively identical to plaintiffs' counts I-III – are derivative claims. *Id.* at 1288-93. Plaintiffs here bring substantively derivative claims, and those claims are thus brought on behalf of the Enterprises. The Enterprises, via shareholders, have previously brought the claims that plaintiffs now advance.

Plaintiffs argue that they are not in privity with the *Fairholme* plaintiffs, by virtue of the fact that they describe their claims as direct. Pl. Resp. at 5. However, describing a claim as "direct" does not make it so; it is the substance of the claim that governs. *See In re Sunrise Sec. Lit.*, 916 F.2d 874, 882 (3d Cir. 1990) ("Whether a claim is [direct] or derivative is determined from the body of the complaint rather than from the label employed by the parties."). Plaintiffs seek to circumvent the Federal Circuit's holding that the same claims brought by the *Fairholme* plaintiffs were derivative, *Fairholme*, 1274 F.4th at 1288-93, and, thus, that the *Fairholme* judgment precluded relitigation of those claims by the corporation or other shareholders, *see Cottrell v. Duke*, 737 F.3d 1238, 1243 (8th Cir. 2013) ("[A] judgment rendered in a shareholder-derivative lawsuit will preclude subsequent litigation by the corporation and its shareholders.").[1]

---

[1] We acknowledge that the Federal Circuit did not make a finding that the shareholders' breach of fiduciary duty claim was derivative. *See Fairholme*, 1274 F.4th at 1297-98. The Federal Circuit did conclude, however, contrary to plaintiffs' allegations here, that neither HERA

2

Plaintiffs explain that their goal is to collaterally challenge the Federal Circuit's holding in *Fairholme*, Pl. Resp. at 1, even though they do not argue that they were not fairly represented by the plaintiffs in that case. The time for the Enterprises (or shareholders on their behalf) to challenge the Federal Circuit's decision with regard to standing was in the *Fairholme* litigation. Plaintiffs have identified no cases supporting their argument that the Court should create an avenue of collateral review where claims have otherwise been finally decided, and the Court should decline to do so.

## CONCLUSION

For the foregoing reasons, as well as those stated in our opening brief, the United States respectfully requests that the Court dismiss plaintiffs' claims.

---

nor the Senior Preferred Stock Purchase Agreements between the Federal Housing Finance Agency (FHFA) and Treasury created a fiduciary relationship between FHFA and shareholders. *Id.* Thus, even if the Court determines that preclusion does not apply to Count VIII, that claim must nevertheless be dismissed in light of binding precedent.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
| OF COUNSEL: | s/ Elizabeth M. Hosford |
| FRANKLIN E. WHITE, JR.<br>Assistant Director | ELIZABETH M. HOSFORD<br>Assistant Director |
| RETA E. BEZAK<br>Senior Trial Counsel | s/ Anthony F. Schiavetti<br>ANTHONY F. SCHIAVETTI<br>Senior Trial Counsel |
| MARIANA T. ACEVEDO<br>Trial Attorney | U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>PO Box 480, Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 305-7572<br>anthony.f.schiavetti@usdoj.gov |
| November 3, 2023 | Attorneys For Defendant |